UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

ANNA AUGUST BOLING,                                    Case No.  6:05-bk-16267-KSJ

      Debtor.

_____/

ANNA AUGUST BOLING,

      Plaintiff,

v.                                                    Adversary No.  6:06-ap- _____

MONTE GREEN,

      Defendant.

_____/

## **COMPLAINT**

Anna August Boling ("Anna Boling") sues Monte Green ("Green") and says:

### General Allegations

1.      Anna Boling is the Debtor in the main bankruptcy case, Case No.  6:05-bk-16267-KSJ.  On October 15, 2005 Anna Boling filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.      Monte Green is an individual, who resides in the State of Florida.

3.      This is a core proceeding pursuant to 28 U. S. C. §157.

4.      Ric Boling and Anna Boling were husband and wife, but were divorced in July, 2005.

5.      First Response Group, Inc. is a Certified Roofing Contractor in the State of Florida.

1

6.      During the summer of 2005, Ric Boling was employed by First Response Group, Inc. and acted as a project manager for the company.

7.      Neither Ric Boling nor Anna Boling are officers, directors or shareholders of First Response Group, Inc.

8.      During the summer of 2005 First Response Group, Inc. obtained a contract to provide roofing services (primarily installation of blue tarps) in various places in Mississippi that had been damaged by Hurricane Katrina. Ric Boling was the project manager for First Response Group, Inc. for the Hurricane Katrina contract.

9.      In order to perform under the contract, First Response Group, Inc. had to purchase materials and hire crews. First Response Group, Inc. needed additional capital to perform under the contract.

10.      Ric Boling had previously met Green and Green had indicated an ability and a desire to invest in businesses or make loans to businesses. Accordingly, Ric Boling contacted Green to inquire as to whether Green was interested in providing funds so that First Response Group, Inc. could fulfill its obligations under the contract.

11.      Ric Boling explained the nature of the contract to Green and emphasized that the need for funds was critical from operational and timing standpoints, because of the nature of the contract and since crews were being hired and materials were being ordered.

12.      Initially, Green indicated a willingness to make an provide $1,000,000 of funding to enable First Response Group, Inc. to perform under the contract.

13.     Based upon Green's representations, First Response Group, Inc. hired crews, obtained materials and moved the crews and materials into position in Mississippi to perform under the contract.

14.     Green did not provide the $1,000,000 in funding that he promised, but rather changed the agreement and would provide $500,000 in funding and only if it were structured as a loan.  Green also indicated that he would only make the loan if he had collateral in the form of mortgages.

15.     Green required Ric Boling to provide him with information relating to real estate owned by Ric Boling, Anna Boling and by the owners of First Response Group, Inc.  Ric Boling provided the information to him, including information about the homestead owned by Anna Boling and located at 205 Tranquility Cove, Altamonte Springs, FL 32701, Parcel ID No.:  13-21-29-531-0000-0040.

16.     During the time period when Green was changing the agreement, Ric Boling continued to emphasize that timing was critical.  Because Green failed to fund promptly  and in the amount that he had agreed, First Response Group, Inc. was unable to make payroll for 3 weeks and as a result numerous work crews quit.

17.     Green finally indicated that he was ready to fund the loan.

18.     Ric Boling was in Hattiesburg, Mississippi when he received notification that Green was finally willing to make the loan.

19.     Anna Boling did not speak with Green, has never communicated with Green and has never met Green.

20.     On approximately September 28, 2005, Ric Boling was advised by phone that Green would make the loan, but that Green had further reduced the amount to only $300,000.

21.    Green knew that First Response Group, Inc. had no other choice than to sign the papers and that First Response Group, Inc. would default on the contract altogether if it did not obtain some funds from Green.

22.    On September 29, 2005 Ric Boling waited in line at a Kinko's store for approximately 7 hours to be able to use a computer so that he could access e-mail and obtain documents that Green insisted that Ric Boling sign before funding the loan.

23.    While he was waiting in line at Kinko's, Ric Boling spoke to Green's attorney, Bryan I. Levy, Esq. ("Levy"), on the telephone.   Ric Boling advised Levy that he did not have the time to review any of the documents that were being e-mailed to him and that he would merely print them, sign them and then send them back to Levy by overnight delivery to Levy.

24.    Levy advised Ric Boling that the loan would not be funded immediately unless Ric Boling backdated the loan documents by 3 days.  The loan documents were sent by e-mail to Ric Boling and Anna Boling on September 29, 2005, but Levy back dated the loan documents to September 26, 2005.  The Promissory Note and Agreement for Return on Investment (the "Note") and the Mortgage are attached as Exhibits "1" and "2", respectively. The Note and the Mortgage were signed by Ric Boling and by Anna Boling on September 29, 2005.

25.    On October 17, 2005 Green recorded the Mortgage in the public records in Seminole County, Florida.

<u>Count 1</u>
(Declaratory Judgment - Validity of Mortgage)

26.    This is an action pursuant to F. R. B. P.  7001 (2) and  11 U. S. C. § 362 to determine

the validity of the mortgage lien asserted by Green.

27.    Anna Boling realleges and incorporates paragraphs 1 through 3, 24 and 25 above.

28.    Anna Boling owns the real property located at  205 Tranquility Cove, Altamonte Springs, FL 32701, Parcel ID No.:  13-21-29-531-0000-0040.

Wherefore, Anna Boling requests the entry of a judgment determining that the Mortgage recorded by Green is void and of no effect.

Count 2
(Usury)

29.    This is an action for usury pursuant to Chapter 687, *Florida Statutes*.

30.    Anna Boling reallges and incorporates paragraphs 1 through 25 above.

31.    Under the Note, Green charged an interest rate in excess of 18% per annum simple interest.

Wherefore, Anna Boling requests that this Court enter a Judgment declaring that Green charged an unlawful rate of interest, disallowing all interest charged by Green, compelling Green to pay Anna Boling double the amount of all interest reserved or received by Green, awarding Anna Boling attorneys' fees and costs, and granting such other relief as this Court deems appropriate.

Count 3
(Shylocking)

32.    This is an action for shylocking pursuant to Chapter 687, *Florida Statutes*.

33.    Anna Boling realleges and incorporates paragraphs 1 through 25 above.

34.    Under the Note, Green charged an interest rate in excess of 25% per annum simple interest.

35.    Anna Boling has been injured by Green's violation of the anti-shylocking provisions

5

contained in Chapter 687, *Florida Statutes*.

Wherefore, Anna Boling requests that this Court enter a Judgment declaring that the Note and Mortgage are not enforceable, awarding Anna Boling attorneys' fees and costs, and granting such other relief as this Court deems appropriate.

<u>Count 4</u>
(Federal Truth in Lending Violations - Statutory Damages)

36.    This is an action pursuant to 15 U. S. C. §1601 *et seq*. and 12 C. F. R. §226.1 *et seq*. for violations of the Federal Truth in Lending Act (the "TILA").

37.    Anna Boling realleges and incorporates paragraphs 1 through 25 above.

38.    At all times pertinent to this action, Green was a "creditor" as that term is defined by 15 U. S. C. §1602(f) and 12 C. F. R. §226.2(17).

39.    The loan from Green to Anna Boling was a consumer transaction as that term is defined in  15 U. S. C. §1601 *et seq*.

40.    Green extended consumer credit to Anna Boling in a closed-end transaction as that term is defined by 15 U. S. C. §1630 and 12 C. F. R. §226.17.

41.    Green violated the TILA by not disclosing to Anna Boling the following required TILA disclosures:

a.    The "amount financed", using that term, together with a brief description such as  "the amount of credit provided to you or on your behalf" in violation of TILA at 15 U.  S.  C. § 1638 (a) (2) and 12 C.  F.  R. § 226.18 (b);

b.    The "finance charge", using that term, together with a brief description  such as "the dollar amount the credit will cost you" in violation of TILA at 15 U.  S.  C. § 1638 (a) (3) and

12 C. F. R. § 226.18 (d);

      c.     The "annual percentage rate" (APR), using that term, together with a brief description such as "the cost of your credit as a yearly rate" in violation of TILA at 15 U. S. C. § 1638 (a) (4) and 12 C. F. R. § 226.18 (e);

      d.     The "total of payments", using that term, and a descriptive explanation such as "the amount you will have paid when you have made all scheduled payments" in violation of TILA at 15 U. S. C. § 1638 (a) (5) and 12 C. F. R. § 226.18 (h); and

      e.     The number, amount and due dates or period of payments scheduled to repay the total of payments in violation of TILA at 15 U. S. C. § 1638 (a) (6) and 12 C. F. R. § 226.18 (g).

      42.     Therefore, Green violated the Federal Truth in Lending Act at 15 U. S. C. § 1638 (a) by failing to give to Anna Boling, in a manner that is conspicuously segregated from other terms, and in advance of the extension of credit, the above.

      Wherefore, Anna Boling requests the entry of a judgment against Green for statutory damages pursuant to 15 U. S. C. §1640 (a).

Count 5
(Federal Truth in Lending Violations - Rescission)

      43.     This is an action for rescission of a security agreement taken on Anna Boling's homestead property pursuant to 11 U. S. C. § 1635.

      44.     Anna Boling realleges and incorporates paragraphs 1 through 25 above.

      45.     The loan transaction was a consumer transaction, in that Anna Boling was a consumer and Green was a creditor.

46.     The mortgage lien that Green attempted to obtain was a non-purchase money lien or security interest  placed upon the principal dwelling of Anna Boling.

47.     This consumer credit transaction was subject to Anna Boling's right of rescission as described by 15 U.  S.  C. § 1635 and Regulation Z § 226.23 (12 C.  F.  R. § 226.23).

48.     At the time of the consumer credit transaction, Green violated 15 U.  S.  C. § 1635 (a) and Reg.  Z § 226.23 (b) by failing to deliver to Anna Boling two copies of a notice of a right to rescind which:

        a.     Identified the transaction;

        b.     Clearly and conspicuously disclosed the security interest in Anna Boling's principal dwelling;

        c.     Clearly and conspicuously disclosed Anna Boling's right to rescind the transaction;

        d.     Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of Green's place of business;

        e.     Clearly and conspicuously disclosed the effects of rescission;

        f.     Clearly and conspicuously disclosed the date of rescission period expired.

49.     At the time of the consumer credit transaction, Green failed to deliver all "material" disclosures required by the Act and Reg.  Z, including:

        a.     Failed to disclose the "amount financed", using that term, together with a brief description such as "the amount of credit provided to you or on your behalf" in violation of TILA at 15 U.  S.  C. § 1638 (a) (2) and 12 C.  F.  R. § 226.18(b).

        b.     Failed to disclose the "finance charge", using that term, together with a brief

description such as "the dollar amount the credit will cost you" in violation of TILA at 15 § U. S. C. § 1638 (a) (3) and 12 C. F. R. § 226.18 (d).

      c.      Failed to disclose the "annual percentage rate" (APR), using that term, together with a brief description such as "the cost of your credit as a yearly rate" in violation of TILA at 15 U. S. C. § 1638 (a) (4) and 12 C. F. R. § 226.18 (e).

      d.      Failed to disclose the "total of payments", using that term, and a descriptive explanation such as "the amount you will have paid when you have made all scheduled payments" in violation of TILA at 15 U. S. C. § 1638 (a) (5) and 12 C. F. R. § 226.18 (h).

      e.      Failed to disclose the number, amount and due dates or period of payments scheduled to repay the total of payments in violated of TILA at 15 U. S. C. § 1638 (a) (6) and 12 C. F. R. § 226.18 (g).

      f.      Failed to disclose that Anna Boling's homestead had been taken as a security for loan repayment with the additional rights that could be asserted in favor of Green in violation of TILA at 15 U. S. C. § 1638 (a) (9) and 12 C. F. R. § 226.18 (m).

50.      Anna Boling has a continuing right to rescind the transaction until the third business day after receiving both the required rescission notices and all "material" disclosures pursuant to 15 U. S. C. § 1635 (a) for a period of up to three years after consummation of the transaction.

51.      Anna Boling, by way of this Complaint, notifies Green that he wishes to cancel and rescind the transaction dated September 26, 2005.

Wherefore, Anna Boling requests the entry of a judgment rescinding the loan transaction, including the Note and the Mortgage obtained by Green on her homestead, and determining that Anna Boling has no obligation to tender any sums to Green.

9

Count 6
(HOEPA Violations - Damages and Recission)

52.     This is an action for violation of the HOEPA provisions of 15 U. S. C. §1639.

53.     Anna Boling realleges and incorporates paragraphs 1 through 25 above.

54.     Green is a creditor for purposes of HOEPA.

55.     The loan transaction between Anna Boling and Green was a high rate mortgage within the meaning of HOEPA, 15 U. S. C. §1602(aa)(1)(B).  The annual percentage rate at the consummation of the transaction exceeded by 10 points or more the yield on Treasury securities having a comparable period of maturity the 15th day of the month immediately preceding September 29, 2005.

56.     Since the loan transaction met the definition of a high rate mortgage, the transaction was subject to the additional disclosure requirements that must be provided three days in advance of the consummation of the transaction pursuant to  15 U. S. C. §1639.

57.     Green did not provide the required disclosures to Anna Boling three days prior to the transaction.

58.     Green failed to deliver all "material" disclosures to Anna Boling in connection with the loan documents.

59.     Green's failure to deliver the required HOEPA disclosures to Anna Boling three days prior to the transaction violated  15 U. S. C. § 1639(a) and (b), which entitles Anna Boling to actual damages, statutory damages and extend the right of rescission for up to three years from the date of the consummation of the transaction.

10

Wherefore, Anna Boling requests the entry of a judgment (a) rescinding the loan transaction, including the Note and the Mortgage obtained by Green on her homestead, (b) determining that Anna Boling has no obligation to tender any sums to Green, (c) awarding damages to Anna Boling pursuant to 15 U. S. C. §1640, and such other relief as the Court deems appropriate.

/s/ Kenneth D. (Chip) Herron, Jr.
Kenneth D. (Chip) Herron, Jr.
Fla. Bar No. 699403
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: kherron@whmh.com

Attorneys for Plaintiff, Anna Boling